**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Kenneth Roy Taraldsen, | Case No.: 2:21-cv-00256-JAD-VCF |
| Plaintiff | |
| v. | **Order Transferring Case to the United States District Court for South Carolina** |
| Federal Bureau of Prisons, et al., | |
| Defendants | |

Plaintiff Kenneth Roy Taraldsen, a *pro se* prisoner who is incarcerated at Nevada Southern Detention Center in Nevada, has submitted an application to proceed *in forma pauperis* and a civil rights complaint under 42 U.S.C. § 1983.[1] Taraldsen sues the Federal Bureau of Prisons and an individual named Baca.[2] All of the events in the complaint appear to take place at Estill (FCI), a federal prison located in Hampton County, South Carolina.[3] Although the complaint does not specify, it appears that Baca resides in South Carolina.

Federal statutes limit which courts a plaintiff may file an action in. Under 28 U.S.C. § 1391(b), a plaintiff may bring an action in:

> (1)    a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.[4]

---

[1] ECF Nos. 1, 1-1.

[2] ECF No. 1-1 at 2.

[3] *Id.* at 3–6.

[4] 28 U.S.C. § 1391(b)(1)–(3).

Additionally, an action in which a defendant is an officer or employee of the United States acting in his official capacity or under color of legal authority or an agency of the United States may be brought in any judicial district in which: "(A) [A] defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action."[5] "Additional persons may be joined as parties to any such action in accordance with the Federal Rules of Civil Procedure and with such other venue requirements as would be applicable if the United States or one of its officers, employees, or agencies were not a party."[6] This venue provision, however, does not apply to money-damages claims against federal employees in their individual capacities.[7]

Because Taraldsen currently resides in Nevada, 28 U.S.C. § 1391(e)(1) allows him to bring a claim in this district against the Federal Bureau of Prisons. But that provision does not apply to Taraldsen's claim against Baca in her individual capacity for money damages. I must therefore determine whether venue for Baca is appropriate under 28 U.S.C. § 1391(b). Because Baca resides in South Carolina, and the events giving rise to Taraldsen's claim took place in South Carolina, South Carolina is the proper venue for Taraldsen's claim against Baca in her individual capacity for money damages.

When a case has been filed in the wrong district or division, 28 U.S.C. § 1406 allows the district court in which the case has been incorrectly filed to "transfer such case to any district or division in which it could have been brought."[8] I find that the District

---

[5] 28 U.S.C. § 1391(e)(1).
[6] *Id.*
[7] *Stafford v. Briggs*, 444 U.S. 527, 542–44.
[8] 28 U.S.C. § 1406(a).

of Nevada is not the appropriate venue for this action because the events occurred in Hampton County, South Carolina, defendant Baca resides in South Carolina, and Taraldsen is suing Baca in her individual capacity for money damages. Hampton County is in the Beaufort Division of the District of South Carolina. I therefore direct the Clerk of the Court to transfer this action to the United States District Court for South Carolina, Beaufort Division. I offer no opinion on the merits of this action or on the application to proceed *in forma pauperis*.

    IT IS THEREFORE ORDERED that the Clerk of the Court is directed to **TRANSFER this case to the United States District Court for South Carolina, Beaufort Division and** CLOSE THE CASE in this Court.

    Dated: February 26, 2021

                                            U.S. District Judge Jennifer A. Dorsey